but you're going to need to speak up if you could counsel at least on my end you're a little bit faint may it please the court my name is I'm the attorney for Mr. Collins I would reserve two minutes for rebuttal this is an odd case in which the district court in ruling on the defendant's motion to suppress evidence where there was a warrantless search and arrest felt bound by changes in what was illegal or not illegal under California law and therefore ignored those statutes and concluded that the simple possession of marijuana in the car permitted the search of the car and the arrest of Mr. Collins court acknowledged there was less than one ounce of marijuana seen and acknowledged in its decision Mr. Collins said at least five times in the first couple minutes of being detained I have a valid medical marijuana card I smoke marijuana counsel I have before you go farther I have two questions sure right from the get-go they could also see a scale is that right that is correct they say they saw that within the first minute or so yes you're on okay and then as far as the and then I'll get out of your way uh forgive me but as far as your client's health saying that he had the medical marijuana card or forming them uh is it uncontested that at least one of those notifications came prior to his arrest yes according to the timing detailed in the district court's opinion and in the brief file the person was said 25 seconds into the contact and he kept repeating it um so there yes so that's no question so the problem is and um are two things so first there's a statute in California which was the of the appellate brief section 11 362.71 subdivision e that is explicit that the authorities have no power to arrest someone who has a valid card and a lawful amount of marijuana but the district court felt it couldn't attend to that as a series of decisions from the circuit beginning in the 1970s and 1980s when any quantity of marijuana was unlawful now as the court may recall since then three months ago this circuit in the u.s versus martinez case that those cases are no longer binding because there have been a change in the law what about the scale if the question is the district court which was controlling what which was making factual findings about the county the court is correct the government argued below that they arrested mr collins for possession for sale the district court did not credit that allegation for a number of reasons i believe but it said quite explicitly in his decision that it was only ruling on the fact that there was simple possession of marijuana uh if the court looks at pages 10 and 11 of the district court's decision judge ilson and again on page six at footnote five she talks about the fact i'm only basically ruling on simple possession is enough to arrest him in martinez three months ago a different panel of this court said those cases are no longer controlling in light of the court the government did not once mention section 11 362.71 d in its reply brief but was the centerpiece of my brief and i think the reason they didn't is in fact that it's so clear that they had no authority to arrest essentially california law changed when that was enacted which was 10 years before mr collins was detained and arrested that said this is not an arrestable offense and that's what in fact uh is controlling and that's confirmed by the court of appeals in kirby which says even mauer which is the california supreme court decision after the compassionate use act does not apply to this 2003 statute so i submit to you that the court the district court felt compelled to follow cases that in fact should not apply logically because they applied when the law was different and in fact has since been um rejected by the circuit in the martinez case before the court so it seems to me that the there are three issues i mean three grounds that could have been for arresting mr collins a he possessed marijuana for sale the district court was not persuaded based on the facts they didn't the court didn't buy the fact that he was out traveling at the high traffic area he was driving at noon on a busy street a block from the police station lawfully he didn't try and hide the marijuana he didn't try and run from the police i think the court didn't credit it i think the court also didn't credit the police officers who got four narcotics detectives who said they were out there looking for serious violent crime who stopped a man for tinted windows whether she concluded it was a profile stop or not doesn't bar the stop but it certainly affects her judgment about how much to credit these officers so she concluded i'm not convinced by possession of for sale i'm not convinced by child endangerment there was not probable cause to arrest for either offense but following these earlier ninth circuit decisions which have come up forward i have no choice unless the ninth circuit tells me otherwise now in fact the ninth circuit has said that so i submit to you that the two basic the basis for finding this warrantless search was uh lawful have now been undermined by this court's subsequent decision so so are you asking us to ignore the officer's observation of the scale no sir what i'm saying is you have you have a series of facts you take you correctly say the totality of the circumstance you have less than an ounce of marijuana you have a scale move somewhat discreet from the marijuana itself you have no small baggies of any kind you have no marijuana on the scale you have nothing about his behavior showing possession for sale he is driving lawfully in the middle of the day the district court could rightly say i'm not persuaded this is enough for possession for sale he has to credit the officers or not they submitted declarations she had seen the videotapes from the officers their body-worn cameras what they showed she could decide there's not enough here for probable cause based on the facts that i found she also similarly found there was not enough probable cause to arrest for placing the child in a substantial risk of death or great bodily injury so what she's saying is okay but the marijuana is there now do they have probable cause to arrest for possession based on these earlier cases she says yes i do i'm bound by that even though the california law has changed california basically used to have all marijuana illegal and it has carved out this 1996 section where it's not illegal and this is one of them if you have a valid id card and he said right up front this is not a question of the office having to go search for it he says i've got it right here in my pocket five times it was not disputed that he said it was not disputed that because the officers took control of him so based on just the marijuana and the law in california which says no you may not even arrest for this crime they had no fourth amendment right to arrest him for the marijuana and so how much marijuana was he entitled to be in possession of um in conjunction with a card uh at that time the law said eight ounces of marijuana um that statute the supreme court subsequently concluded that eight ounces should not limit what someone could have because under the initiative passed in 1996 a person with card could have any amount that would be relevant to that so having less than one ounce which is the case here well within the uh sort of safety zone an individual could have so what i'm trying to get at is you keep saying one ounce and of course at the time the officers didn't know exactly what but i guess your position is that they had announced that from visible just from their visible observation they should have known was well below the limit but i don't want to put words in your mouth is that is that a fair summation not quite your honor first of all it is in one package that's the court has seen many cases where say marijuana or some other drug is in plenty little package which suggests possession for sale this is one council forgive me forgive me you're i i'm i'm i'm having trouble hearing you so let me bring my computer a little closer i'm sorry that's okay i just don't want to miss your argument go ahead thank you your honor um all of the marijuana here was in one package there were no smaller baggies and an officer's and has to make reasonable assessment although that keeps saying this is a large bag everyone agreed it was under one ounce 23 and something gram well wait a minute wait a minute when you say everyone agreed at what point was that determined that's what i'm trying to get at i'm sorry so the officers would have seen a bag of marijuana that was certainly not a large bag the district court could see it unless unlike this court here she had images of it and could conclude look this doesn't look to be more than an hour which is what testing established okay so i think my question about a minute ago the answer to it is probably yes my understanding i'm not trying to be tricky maybe i didn't phrase it very well but my understanding is your position is they could see right away in plain view an amount of marijuana they didn't know if it was an ounce or not that surely no one was weighing it but that they from their observation they should have been able to tell that it was an amount that was well below what he could lawfully possess with his card is that it right in the 2003 statute council i would take yes if the answer is yes i would yes okay they did not weigh it and there was no other indication of possession for sale okay thank you i would reserve what time i have left with the court's permission although of course i'll answer any questions the court had are there any further questions on the panel no council when you come back you can plan for rebuttal we'll put two two minutes on the clock i took you um quite a field with my my question i think i didn't ask it well not at all uh we'll hear from opposing council please thank you your honor may it please the court my name is kelly volkar and i'm here on behalf of the united states this court should affirm all the columns convictions the search of his vehicle was reasonable under the fourth amendment uh and particularly this court is reviewing de novo the facts of this case and whether or not they may meet the probable cause standard four detectives considerable experience had probable cause to search colin's vehicle as soon as they saw a large bag of marijuana with unknown weight next to a gram scale and plain view inside colin's car what do you mean by large bag i i have to ask because that's those are the two things they see some amount of marijuana and a scale so what what do you mean by that please at trial the drug expert testified that a typical use of marijuana is a half of a gram and because counsel i'm asking a different question we know that can can you give me the er site for i think there's a photo what is it that they that the judge was looking the district court was looking at is as what the officers could observe if you just give me that site i'll get out of your way uh yes your honor um it is in my my brief and uh the photo is from the government's brief below um i will have to get that site for you i i don't that's okay i've got it i i can that's fine go ahead go right ahead uh so in terms of of what is a large vaccine i think that that we have to defer to the officers drawn at the scene um according to this court and these are officers who had more than a decade's experience several of those years in narcotics and had made arrests for narcotics trafficking on more than two dozen occasions in that specific area so these are officers who saw a bag that they describe as a large bag of marijuana both in their declarations before the district court for in support of the government's opposition to motion to suppress and also in their police report and we later determined uh at trial with the help of an expert that this is something close to 50 doses with a street value of more than 200 so i think that in terms of what is a large bag of marijuana um this wasn't something that you could pinch between two fingers this was a bag that filled the ashtray and really more than that was a bag that filled the ashtray was immediately to a gram scale all within arm's reach of the driver of the vehicle in this case collins um in an area known for uh drug trafficking and in addition to that although it doesn't go to the officer's uh reasonable belief that collins was uh in the area to distribute marijuana there was also a child a five-year-old child on the front seat within arm's reach of the drug and scale um and without proper restraints under california law and so that the district court did oh forgive me go ahead judge good sir uh miss vulgar may i ask you um what do we do with the officer's refusal to determine whether or not he in fact had a valid medical marijuana card and would with that confirmation not have necessarily taken this off into a completely different direction thank you your honor in this particular case whether or not collins had a medical marijuana card is actually irrelevant and the reason i say that is because a medical marijuana card is not a defense to the sale of marijuana under any version of the law even under prop 64 but even prior to prop 64 which is the land that we're in under the medical marijuana program act the cultivate a certain amount of marijuana and these officers had a reasonable belief that collins was selling marijuana in which case but the district court didn't credit that the district court didn't rely on that possession with intent to sell but your honor the district court felt bound by this court's prior precedent um but this but the district court didn't uh the district court thought that it was a small amount of marijuana um but i would say that you know this court can confirm on any basis and i would say that even if the amount is small after we know the weight of it um what the we should credit the officer's inferences drawn at the scene and they thought it was now you're now now now it's starting to sound like you want me to make a finding of fact so can you back up this is an important point and i found this quite distracting throughout this case in the briefing about whether the government's position is that there was probable cause to arrest you know possession for with intent to sell because that's not the basis of i'm not sure what your argument is now if you want me to credit the photo about the amount of marijuana is that really your argument uh your honor i actually think that um between the officer's inferences drawn at the scene and then the binding precedent of this court uh i do think that there was sufficient probable cause for the officers to uh search the car based on distribution of marijuana and also and if the court uh does not agree then there was also in the alternative um reason to arrest him for child endangerment which then okay i'm not saying i disagree on this point about whether there was probable cause or not what i'm trying to get at is in order to make that determination of course we have to look at the totality of circumstances and and a really important circumstance is how much marijuana there i would say maybe perhaps dispositive because there's a scale next to it and so whether that was a large amount of marijuana you've used in a large bag you use that phrase opposing counsel has a very different view so what precisely is it you want us to do with this to decide that fact uh yes your honor um i guess i think that the based on the totality of the circumstances circumstances the amount of marijuana without any qualifying word and i'm only using large from the police officer's report but if we take that word out the amount of marijuana next to the scale plus um other factors that the officers had before them um i think would objectively lead to the conclusion that there was probable cause that he intended to sell uh the marijuana and that allowed any amount if you had any amount of marijuana with a scale is that is that the government's position uh no your honor because i could conceive of a situation where the amount of marijuana is so small that it wouldn't be reasonable for an officer um to believe that he was selling but i do not think that is the facts of this case okay okay under the facts of this case there were the officers were in um you know approached a vehicle that had dark tinted windows and expired registration that was out of date by six years uh they were in a high drug trafficking high crime area and then immediately when they roll they ask uh collins to roll down the windows because they were too dark to see through they immediately see a bag of marijuana next to a scale and also a child in the front seat without proper restraints and after they arrest collins which again was at least lawful based on the child endangerment uh california penal code section 273a then they find over 800 on his person and bundled in a specific way that further added to their probable cause that he was selling marijuana and did not merely possess it for personal use either of those two immediately seeing the marijuana in the scale or after they arrest collins finding the amount of money on his person was uh held those would both get them to probable cause that he was selling marijuana and therefore under the automobile search um he they would had probable cause to search for further contraband in the car and the medical marijuana card is not a defense even under california state law to um to selling marijuana at one point i wanted to respond to uh my colleague's point about the martinez case which is an unpublished case of this court that was of course dealing with a post proposition 64 case and proposition 64 did change or it was a change in the law in california that doesn't apply to the facts of this case because this case occurred almost six months before proposition 64 so first of all i would argue that the martinez case the unpublished case is not necessarily as relevant to these facts and contrary to that this court in united states versus johnson in a published opinion uh held based on a stop that happened march happened in march 2016 shortly after the stop in this case did rely on those 1970s cases specifically barren and found that probable cause uh based on marijuana alone was sufficient to search the automobile so i would hold that this court's finding precedent as the district court felt bound by has been upheld throughout the decades and continues to apply here and even if the court wanted to move to state law there's the people versus waxler case uh cited throughout both of our briefs which uh even uh which was controlling in california at the time of this stop and that court held that uh medical marijuana card did not initiate probable cause and at best any medical marijuana defense would be an affirmative defense that could be brought later on and does not stop officers from being able to arrest um for even in that case it was talking about possession of marijuana uh but here we have marijuana or we have a reasonable belief that the marijuana was for sale and with that unless there are further questions from the court um if the panel has further questions has no further questions the united states respectfully request that you affirm it all counts thank you counsel anything further from the panel oh thank you no we'll hear from opposing counsel hear your battle argument sir thank you your honor let me focus on the questions you raised the photograph shows a small sandwich bag size in the car the kind of thing people buy one ounce or less of marijuana to buy with the student in college in the late 1960s that's one of the most common ways people buy marijuana for sale i'm looking at the photo i'm looking at the photo it doesn't look like such a small amount to me um you know just initially and i'm not struck that that's a particularly small amount right the district court had a chance to look at that in detail it made its findings at that time it was lawful for someone with a car to have up to eight ounces with the courts in california called the safe harbor so if the california court say you have a valid card which mr collins did and you have update ounces or more you cannot be arrested again i would remind the court it's interesting that the government again doesn't even talk about that the statute says essentially we're carving out a bigger area where the law is you cannot arrest someone period oh wait a minute the law is not that you can't arrest them the question we've got is whether or not all of the totality of circumstances adds up to probable cause right but it has to be probable cause your if it's no crime to have a valid card and i appreciate that i appreciate that counsel and what do you think is that what is your strongest argument that this was lacking given all of the circumstances of posting council has ticked off okay if you talk about possession for sale you're up for a simple possession i'm talking about anything that would warrant his arrest as you noted the district court judge rejected both possession for sale and the child endangerment for good reasons government specifically kept focusing on the fact that the officers themselves believe that the judge did not have to believe them and did not do so and rejecting those things he got he made a factual point she's not crediting what they said he didn't credit the fact there's a large quantity of marijuana what she looked at is that this is what i've got but i don't have it i can't look at the california statute because these nine circuits isn't from before the statute existed essentially the crime has been redefined any marijuana is not a crime in california so it's not a crime there's no contraband for him to arrest mr collins for the way that suggesting that the trial court rejected possession for sale as i read it the trial court said that's thin but i've got enough on possession alone isn't that what really happened i don't think so your honor i think it is stronger than that she said i have grave reservation about possession for sale given again the totality of circumstances including mr collins saying to the officers i smoke weed i've got a card in my wallet none of the other indicia that we see all the time for someone who is selling um and so i think he was in a position to evaluate those facts and discount what a lot of the officers said for various reasons unless those are clearly erroneous and miss volker has not identified why they're clearly erroneous she could make those calls that's why she came down to simple possession and saying gee i feel bound by this ninth circuit precedent um which makes a logical argument that says look if the law has changed then these cases are not to continue to mind and that's what martinez on the three different colleagues from your bench had said so i believe that given the way the district court ruled based on simple possession and that in fact that's not illegal um under california law under these circumstances they did not have probable cause to arrest mr collins or what they saw was certainly not eight ounces or more of marijuana it was plainly smaller they can characterize it what they want they like to do that it's like my question now and you're over time thank you pardon me i'm sorry your honor thank you anything further anything further i i put two minutes on the clock council could you just go ahead and incorrectly found there was not possession for sale here ruled on a different ground not unlike what happened in martinez and that therefore since those cases are no longer controlling i believe correctly by that court i think that the motion to suppress should have been granted and therefore the court should reverse it uh ruling against is that with regard to the rehab issue before the court and many of your colleagues here there was a rule 29 motion made yes i'll be quiet now you're way over now you're way over thank you we'll we'll leave it at that thank you um you're just raising an issue now that that is new to this argument so i'm gonna i'm gonna leave it at that please we've read your briefing and uh and i'll thank both council for that argument and we will take that case under advisement
judges: Hawkins, Christen, Gritzner